LILLIAN M. RAUB, ADMINISTRATRIX, ETC., APPELLANT, v. LEHIGH VALLEY RAILROAD COMPANY, RESPONDENT.

Submitted March 22, 1915—Decided July 1, 1915.

A railroad company is not chargeable with negligence as regards brakemen on its freight trains in failing to illuminate at night a low bridge over its tracks, in the absence of any proof that such a provision was customary in railroad practice.

---

On appeal from the Hudson Circuit Court.

For the appellant, *Alexander Simpson* and *Aaron A. Melniker*.

For the respondent, *Collins & Corbin*.

The opinion of the court was delivered by

PARKER, J. Plaintiff's intestate was head brakeman on a freight train of defendant company running between points in New Jersey and Pennsylvania, and in the course of his employment was killed by being struck on the head (as claimed by plaintiff) by an overhead bridge crossing the railroad, giving about three feet headroom above the cars. The suit was based on the Federal act (*U. S. Comp. Stat.* 1913, ¶ 8657), making a common carrier by railroad engaged in interstate commerce responsible, as appellant's brief puts it, for the death of an employe occasioned by the negligence of the railroad company, while the company and the employe were both engaged in interstate commerce. The trial court directed a verdict for defendant, and this appeal is from that direction. The evidence as to the cause of death was purely circumstantial and rather meagre, but it may be assumed for present purposes that a jury might lawfully have found that death resulted from deceased striking his head against an overhead bridge at a place called Coplay, in the State of Pennsylvania, on the evening of July 4th, after dark. The evidence showed that he had made that run twice a day for some months previously.

It is conceded that the existence of negligence on the part of the railroad company is essential to a recovery, as the case does not fall within any of the statutory requirements as to standard appliances, &c. Therefore, if there was no legal evidence tending to show that the defendant violated or omitted to perform some legal duty that it owed to the deceased, the verdict was properly directed.

The complaint charges that the defendant "constructed and maintained" the bridge. But of this there is no proof whatever. All that the case shows is the contemporaneous existence of the railroad and the bridge over it. There is nothing

to show that the bridge had any connection with the operation of the railroad, and we must assume, in the absence of evidence, that it was there to carry a road over the railroad, and, on the assumption favorable to the defendant, that the road was a highway. Still, further, there is nothing to indicate whether the assumed highway or the railroad was laid first; it may well have been the railroad. There is nothing to show that by the law of Pennsylvania, the railroad company could require such highway when laid across its tracks to be so graded as to secure full headroom over its trains, or had any part in the erection of the bridge. The normal assumption, in the absence of proof, would be that the bridge was built and its grade established by the public authorities without any control by the railroad company. No statutory duty to depress the tracks in such case is made to appear.

The assumed situation in such a state of the evidence must be, then, a highway bridge erected over an existing railroad by the public, at a height dangerous to employes on top of its cars; a situation for the creation of which the railroad company does not appear in any way responsible. The questions then arise what duty, if any, this situation imposed on the company for the safety of its employes; and assuming the duty of reasonable care, in what way the company be said, on the pleadings and evidence, to have neglected or violated such duty.

The complaint charges that there was an insufficient crew on the train. This is not relied on, and need not be considered. It further charges that there was no warning of the presence of the bridge. This is negatived by the uncontradicted proof that the defendant maintained standard "telltales" at a proper distance on each side of the bridge, and there is nothing to show that they were out of order in any way. Finally, the complaint charges, and plaintiff now insists, that the bridge was unlighted, and that the jury might have found that due care for the safety of employes required it to be lighted at night. So far as relates to lights affixed to the bridge, if, as we have assumed, it was not erected or maintained by the defendant company, such company would have

normally no right to interfere with the bridge by attaching anything to it; and with respect to illuminating it generally, it is not even suggested, let alone attempted to be proved, that such a course has ever been adopted in railroad practice; what does appear, is that the defendant guarded the bridge by an appliance in common use, which operated on the sense of touch instead of sight, and so would warn a brakeman who had his back turned to the bridge and who therefore would not see it even if lighted. It may be that under the circumstances of the particular case the life of deceased might have been saved by the extra precaution of lighting the bridge from without; but the test in cases of this class is not whether a particular safeguard would have been better, but whether similar safeguards were practicable and useful and according to the ordinary usage of railroads. *Feil* v. *West Jersey Railroad Co.*, 77 *N. J. L.* 502; *Halm* v. *Freeholders*, 78 *Id.* 712; *Kingsley* v. *Delaware, Lackawanna and Western Railroad Co.*, 81 *Id.* 536; *Zebrowski* v. *Warner Sugar Refining Co.*, 83 *Id.* 558. There was, consequently, no question of negligence to be submitted to the jury.

The judgment will be affirmed.

SWAYZE, J. (dissenting). I think there was evidence from which a jury might infer that there had been negligence in the inspection of the so-called "telltales."

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, PARKER, BERGEN, MINTURN, BLACK, VREDENBURGH, WHITE, JJ. 9.

*For reversal*—SWAYZE, J. 1.